The old authorities say that the words spoken must be such as impute a crime punishable, yet there are many of these old cases where actions of slander have been maintained without the assistance of this rule — as to say of a young lady, "You went to such a place to drop your stink"; and, besides, the old authorities cited on the part of the defendant go to this, that if the words were foresworn in such a court, mentioning it, and that appears to be such a court as could administer an oath, it sufficiently implied a charge of perjury to support the action. But if they only charged him with being foresworn in court, they would not support the action. The reason of this difference is that in England there are many courts which have no power to administer an oath, and if an oath should be administered, and the party swear falsely, it was not perjury according to the authorities cited from 4 Bl. Com., 136; 1 Haw. P. C., 172, and the court would not intend the speaker of (121) the words meant such a court as could lawfully administer an oath, when he had not expressly named such an one; because another rule was, that words were to be taken in meliori sensu. But these reasons will not apply here. There are no courts in this country (of course, none in the country of Guilford), but such as by law may legally administer an oath. The orphan court has been singled out as one that cannot administer an oath; but I think the orphan court may legally administer in regard to such matters as are within their jurisdiction. It will follow, therefore, that to say a man swore false in court in this country is the same thing as to say he swore falsely in a court having power lawfully to administer an oath to him, and by the old authorities themselves such words would support an action amounting to a charge of perjury.
PER CURIAM. Let the plaintiff have judgment; and it was entered accordingly.
See Browne v. Dula, 7 N.C. 574.